THE EMPIRE LAND AND CANAL COMPANY, PLAINTIFF IN ERROR, v. COUNTY TREASURER ET AL. OF RIO GRANDE CO., DEFENDANTS IN ERROR.

1. PROPERTY OF IRRIGATION COMPANIES WHEN LIABLE TO TAXATION.—The franchise of a corporation owning an irrigating canal, with flumes, headgates, etc., for the transportation of water for irrigation, is property, and subject to taxation under sec. 3, art. 10, of the constitution, unless used exclusively by the corporation, or its individual members, (who, by virtue of their corporate interests are joint owners in the ditch,) for irrigating lands owned by such corporation or individual members.

2. CLASS OF CORPORATIONS NOT WITHIN EXEMPTION PROVISIONS.— A corporation owning a ditch constructed for the purpose of selling and disposing of rights to water, together with parcels of land owned by the corporation, on condition that when all or most of such rights are sold, the price thereof paid, the ditch, appurtenances, stock, and franchise may pass to those who purchased the water-rights, is not within the provisions of constitution that " ditches * * * owned and used by individuals or corporations for

irrigating lands owned by such individuals or corporations, or the individual members thereof, shall not be separately taxed so long as they shall be owned and used exclusively for such purpose."

*Error to District Court of Rio Grande County.*

Messrs. TELLER & ORAHOOD, Mr. J. P. BROCKWAY and Messrs. HOLBROOK & BROWN, for plaintiff in error.

Mr. CHARLES A. JOHNSON, district attorney, Mr. IRA J. BLOOMFIELD and Messrs. WILSON & MERRIMAN, for defendants in error.

REED, J.    This was a suit in equity brought by the plaintiff in error to restrain defendants from making sale of its irrigating canal for taxes assessed against it in the years 1887, '88 and '89, and for a decree ordering the cancellation of taxes so assessed; also declaring such canal exempt from taxation, etc.    The complaint is quite lengthy, but not unnecessarily so, it being important to show the complete status, methods, objects and intentions of the plaintiff corporation.

The right to exemption, in the complaint and in argument, is based upon sec. III. of art. 10 of the state constitution, as follows :— " Ditches, canals and flumes owned and used by individuals or corporations for irrigating lands owned by such individual or corporations, or the individual members thereof, shall not be separately taxed so long as they shall be owned and used exclusively for such purpose."    The statute is but a recapitulation of the language used in the constitution. See sec. V., chap. 94, Genl. Stat.

A demurrer was filed to the complaint which was sustained by the court.

The only question to be determined is as to the sufficiency of the complaint, and whether the allegations, taken as true, show the canal to be exempt from taxation under the constitution and statute.

For a proper understanding of the claim of the plaintiff it

is necessary to set out in full the second and third paragraphs of the complaint. They are as follows:

"Second.—That the plaintiff is, and at all the dates and times in this complaint mentioned was, a corporation duly organized and existing under and by virtue of the laws of the state of Colorado; that the plaintiff is the owner of a canal called the Empire Canal, about —— miles of which is situate in said county of Rio Grande and state of Colorado.

"Third.—The plaintiff is the owner of many thousands of acres of land lying under said canal, and capable of being and intended to be irrigated therefrom, and many thousands of acres of which are being irrigated from the said canal, and which lands have no other source of irrigation; that said canal is not used for the irrigation of any other lands than the lands owned and held by plaintiff, as aforesaid, except for the irrigation of lands owned and held by parties who became individual members of this plaintiff corporation by virtue of purchasing an interest in said canal, which interest so purchased is always evidenced by a deed of conveyance by which one or more shares of water rights in said canal are by this plaintiff conveyed to the purchaser, or by a contract for a deed of one or more shares of water rights as aforesaid; the contract being entered into between plaintiff and such purchaser when such shares or water rights shall not be fully paid for at the time of making of the contract, and such deed being made by plaintiff to said purchaser at the date and time of full payment for such shares and water rights as are so purchased; the said contract and the said deed invariably providing that the purchaser thereof shall use the water to which he shall become entitled by reason of purchasing such interest in said canal on lands therein described and to be re-located by such purchaser only upon other lands owned and controlled by said purchaser, that each share or water right above mentioned or referred to represents 1.44 cubic feet per second of time, and by the purchase and ownership thereof becomes a member of plaintiff corporation and is assessed for the maintenance of said

canal as shareholder thereof, and is thereby entitled to vote, and have a voice in the management of the plaintiff company; and under the terms of such contract and deed as aforesaid, when plaintiff shall have sold and shall have outstanding and in force a number of water rights, by contract or deed, or by both such contract or deed, equal to the estimated capacity of said canal to furnish water, and two fifths of the contract price for the same shall have been paid, then the holder or holders of such contracts and deeds for water rights shall have a voice and vote in the management of the affairs of said company's canal, proportioned to the interest which said purchaser's contract or deed bears to the entire number of contracts and deeds outstanding. And when two thirds of all such outstanding rights have been fully paid for according to the terms of the several contracts entered into or deeds made, then the title to said canal shall pass to the owners and holders of contracts or deeds for such water rights at the time and on the plan following, namely, within sixty days thereafter, at such time as may be fixed by the board of directors of this plaintiff, said board of directors shall hold a meeting for the purpose, and thereat designate five persons, who are at that time owners of water rights under said canal, to be the incorporators of a new company, to be incorporated under the laws of the state of Colorado, and which said five persons, within thirty days thereafter, shall subscribe to articles incorporating a new stock company, under a new name, and said five persons shall be the directors for the first year, and immediately on lands therein described, and to be re-located by such following the signing and filing of the articles of incorporation, the directors thereof shall organize, make by-laws, procure a seal, and otherwise proceed as the law directs ; and at said time they shall issue of the capital stock of the new company, fully paid, to the owners of said water rights, such a proportion of the whole of said stock as the water rights each owner thereof has will bear to the whole amount of water rights sold as aforesaid. And when water rights shall have been fully paid

as aforesaid, and said five persons shall have been named as aforesaid, and notified in writing of that fact, and that said water rights had been fully paid as aforesaid, the said new company, and the stockholders thereof, shall thereafter be the owners and in control of the said canal, and the water of the same; and said canal and its lateral ditches are not used for the irrigation of any other lands, than those owned and held by the plaintiff company, or individual members thereof, as above mentioned and referred to, and has never been otherwise used at any of the dates and times in this complaint mentioned, nor at all; that a very large proportion of the shares of water rights of said canal have been sold, and plaintiff is proceeding to sell the remainder thereof at a rapid rate."

In the second paragraph the allegation is " That the plaintiff *is the owner* of a canal called The Empire Canal," etc.    In the third paragraph it is alleged that the plaintiff is the owner of many thousand acres of land *intended and capable* of being irrigated from such canal.    " That said canal is not used for the irrigation of any other lands than the lands owned and held by plaintiff as aforesaid, except for the irrigation of lands owned and held by parties who became individual members of this plaintiff corporation, by virtue of purchasing an interest in said canal."    Again, near the close of the paragraph occurs the following: " And said canal and its lateral ditches are not used for the irrigation of any other lands than those owned and held by the plaintiff company or individual members thereof, as above mentioned," etc.    These two clauses or allegations of the third paragraph seem at variance with the statement in the second paragraph, where the plaintiff is alleged to be the sole owner.    The two latter allegations, if standing alone and unqualified, might perhaps be considered as sufficient to bring the canal within the purview of the constitutional exception, but viewed in connection with the second paragraph, and the statements and explanations of the third, it would seem that those clauses were the conclusions reached by the pleader from the premises stated—con-

·clusions of law instead of the statement of a fact.  A wide ·distinction is to be observed between the franchise of a corporation, with the ditch by it constructed and owned, and the right acquired by the land owner to have delivered for his ·use at some stated point a given quantity of water.  In the former, the excavated ditch, with flumes, headgates, etc., as the vehicle for the transportation of the water, can be only regarded as property.  The right to demand water from the ditch, and have a given quantity per second delivered from ·the ditch to the consumer, carries with it no property interest in the ditch itself.  It is at most but a contract sounding in damages in case of non-performance on the part of the corporation.

It will be observed that one portion of paragraph three of ·the complaint alleges that every individual having a contract for ·the delivery of water " *is a member* of the plaintiff corporation, and is assessed for the maintenance of the canal as a ·shareholder, and is thereby entitled to vote and have a voice ·in the management of the corporation."  Immediately following it, it is said : that when the plaintiff shall sell water rights to the full capacity of the canal and two fifths of the whole amount shall have been paid, " then the holder or ·holders of such contracts and deeds for water rights shall ·have a voice and vote in the management * * * proportioned to his interest," etc.   These two clauses appear to be contradictory.   If the latter is true, the former cannot be, unless a liability to assessment by virtue of a contract could be construed as participating in the management.

It may be also true, that when all the water rights of the ·corporation shall have been sold and two thirds of the price paid, a new corporation may be formed by the consumers of ·water from the ditch, and such consumers become the owners, and that then such consumers would be tenants in common, and the ditch might be run on co-operative principles, each owner of land having a right to demand a proportionate share of the water carried.   But at the present time this condition has no existence—the right is only an equitable one,

which may, possibly, become a property right in the future, but depending upon contingencies that may never happen. It may also be true that water was only used upon the lands of the corporation and those of individuals having contracts, but, as shown above, the contracts with the individuals can only be regarded as those for water to be transported and delivered by the corporation, carrying with them no property in the ditch itself. The corporation owning the ditch must be classed with a large number of others whose ditches are constructed for the purpose of selling and disposing of rights to water in connection with parcels of large tracts of land owned by the corporation, upon the condition that when all or a majority of such rights are sold, the corporation reimbursed, and a proper and satisfactory profit made, the ditch, appurtenances, stock and franchise may pass to those who purchased the water rights.

We do not think that this ditch is within the constitutional exception or exemption from taxation. The language is: " Ditches * * * owned and used by individuals or corporations for irrigating lands owned by such individuals or corporations or the individual members thereof, shall not be separately taxed, so long as they shall be owned and used exclusively for such purpose." It was evidently the intention of the framers to exempt from taxation ditches *owned* by a corporation when the water is *used* by the corporation or individual members, who by virtue of their corporate interests are joint owners in the ditch, or where an individual owns a private ditch, or where a number of individuals, having a common right to water, unite in constructing the ditch, own and use it in common, and the water is distributed pro rata for the exclusive use of the owners of the ditch upon lands owned by them respectively; but in each case the water carried by the ditch must be used *exclusively* by the owners of the ditch. When the ditch is so owned, and the water so used, the ditch shall not be taxed separately from the land. It has in several cases been held that ditch and water rights of this character were appurtenant, but for the purposes of this case it is not

necessary to decide whether or not, under any circumstances, water may become appurtenant to land, (giving to the word "appurtenant" its full common law definition and significance,) so as to pass by virtue of the conveyance of the land, and we are not to be understood as passing upon the question.

It is evident that the intention was only to exempt, in cases where the ditch and right could be regarded under the decisions as appurtenant and the land taxed to cover the increased value, so as to prevent double taxation. "Appurtenant denotes annexed or belonging to. Abb. Law Dic., Tit. "Appurtenance."

"An appurtenance is that which belongs to another thing, but which has not belonged to it immemorially." 1 Ventris, 407 ; Coke on Litt., 121 b.

Under the contracts for the delivery of water it becomes possible, in the future, for the rights now held by individuals and being sold by the corporation, to assume such shape as to bring such rights within the purview of the constitution and exempt the ditch from taxation ; but such is not shown by the complaint to have been its condition at that time. The demurrer was properly sustained, and the judgment must be affirmed.

*Affirmed.*